UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-108-RLV
(5:13-cr-91-RLV-1)

| XAVIER AHMAD CADE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Respondent's motion to stay this action and hold it in abeyance. (Doc. 3.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On February 3, 2014, Petitioner pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(a). The presentence report found that he had qualifying prior convictions that triggered an enhancement to his base offense level under U.S.S.G. § 2K2.1(a)(3): (1) a 2010 North Carolina conviction for common law robbery and (2) a 2010 North Carolina conviction for conspiracy to commit robbery with a dangerous weapon (counted as a single predicate offense). (Mot. to Vacate 1, Doc. No. 1.)

On June 17, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his sentence under U.S.S.G. § 2K2.1, which incorporates the definition of a "crime of violence" from the career-offender guideline in § 4B1.2. Petitioner contends that his prior North Carolina convictions for common law robbery and conspiracy to commit robbery with a dangerous weapon no longer qualify as "crimes of violence" in light of the Supreme Court's decision in

1

Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. See Johnson, 135 S. Ct. at 2563.

On November 29, 2016, Respondent filed the instant motion to stay and hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 3.) According to Respondent, Beckles presents questions that are relevant to, or dispositive of, Petitioner's Motion, including: whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline in § 4B1.2, and, if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review.

Respondent states that counsel for Petitioner consents to the motion to stay. For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to stay (Doc. No. 3) is **GRANTED**, and this matter is held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, Respondent shall have 60 days from the date the Supreme Court decides Beckles to file a response to Petitioner's § 2255 motion to vacate.

Signed: December 7, 2016

Richard L. Voorhees
United States District Judge